# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| PABLO SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-11432 |
| | ) |
| OAKLAND PHYSICIANS MEDICAL | ) |
| GROUP, LLC d/b/a DOCTORS HOSPITAL | ) |
| OF MICHIGAN, and NGS AMERICAN, INC. | ) |
| d/b/a NGS CORESOURCE, a Michigan | ) |
| Corporation, Jointly, Severally, and | ) |
| Individually, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant, NGS AMERICAN, INC. d/b/a NGS CORESOURCE, a Michigan Corporation ("NGS"), by its attorneys, Elizabeth G. Doolin, Craig M. Bargher and CHITTENDEN, MURDAY & NOVOTNY LLC, in accordance with 28 U.S.C. § 1446, submits this Notice of Removal for removal of this action from the Circuit Court for the County of Oakland, Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. § 1441(c). In support of its Notice of Removal, NGS states as follows:

1. This civil action was filed on March 12, 2015, in the Circuit Court for the County of Oakland, Michigan, as Cause No. 2015-146007-ck.

2. This Notice of Removal is being filed within thirty (30) days after March 23, 2015, the date that NGS was first served with the Summons and Complaint setting forth Plaintiff's claim for relief.

3. On April 17, 2015, Co-Defendant, OAKLAND PHYSICIANS MEDICAL GROUP, LLC d/b/a DOCTORS HOSPITAL OF MICHIGAN ("DOCTORS HOSPITAL"), provided written consent for this removal. A true and correct copy of DOCTORS HOSPITAL's consent is attached hereto and incorporated by reference herein as Exhibit A.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and NGS is entitled to remove to this Court pursuant to 28 U.S.C. § 1441(c) because Count I of Plaintiff's Complaint is for an alleged violation of Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. § 1132(a)(1)(B) and because Plaintiff's state-law claim for breach of contract in Count II against NGS is completely preempted by the ERISA, codified at 29 U.S.C. § 1001 – 1191C.

5. Plaintiff, PABLO SANCHEZ, was a Participant of DOCTORS HOSPITAL's self-funded employee welfare benefit plan (the "Plan"). A true and correct copy of the Plan is attached hereto and incorporated by reference herein as Exhibit B.

6. The Plan is governed by ERISA. *See* the Plan, Ex. B, pp.110-11.

7. In the Complaint, Plaintiff purports to assert a breach of contract claim related to the Plan and NGS's alleged failure to maintain Plaintiff's eligibility for medical coverage under the Plan. *See* Complaint, Ex. D, Count II, §§ 22, 23.

8. In his Complaint, Plaintiff, in Counts I and II as against NGS, seeks recovery of health care benefits under the Plan. Accordingly, Plaintiff's entire cause of action as against NGS falls within the scope of an ERISA provision that he can enforce via Section 502(a) of ERISA: it is a civil action to recover benefits due under the terms of the Plan and to enforce rights under the terms of the Plan under Section 502(a)(1)(B). 29 U.S.C. § 1132(a)(1)(B).

9. Moreover, there is no doubt that Plaintiff's state law breach of contract claim against NGS in Count II cannot be resolved without an interpretation of the Plan which is governed by federal law. Review and interpretation of the language of the ERISA-governed Plan will be necessary to determine whether Plaintiff was entitled to the Plan benefits at issue and whether NGS's actions related to those benefits violated the terms of the Plan.

10. Plaintiff's purported state law breach of contract claim against NGS is thus completely preempted by ERISA and properly removed to this Court.

11. Plaintiff's state law breach of contract claim against NGS relates to an ERISA plan and arises solely under, and is governed exclusively by, ERISA.

3

Plaintiff's purported state law breach of contract claim against NGS is therefore fully preempted and displaced by ERISA, under conflict preemption as well.

12. To the extent that Plaintiff's purported state law breach of contract claim is deemed to be not preempted by ERISA, NGS respectfully requests that this Court exercise supplemental jurisdiction over that claim pursuant to 28 U.S.C. § 1367.

13. In accordance with 28 U.S.C. § 1446(a), NGS states that the following documents constitute all the process, pleadings and orders served upon it:

    a. Summons; and

    b. Complaint.

True and correct copies of the aforementioned documents are attached hereto and incorporated by reference herein as Exhibits C and D, respectively.

14. A true and correct copy of this Notice of Removal shall be filed with the Clerk of the Circuit Court for the County of Oakland, Michigan, in accordance with 28 U.S.C. § 1446(d).

Dated: April 20, 2015           Respectfully submitted,

                                        NGS AMERICAN, INC. d/b/a NGS CORESOURCE, a Michigan Corporation

                                        By: s/ Craig M. Bargher
                                            One of its Attorneys
                                        Elizabeth G. Doolin

                                                Craig M. Bargher
                                                CHITTENDEN, MURDAY & NOVOTNY LLC
                                                303 W. Madison St., Suite 1400
                                                Chicago, IL 60606
                                                312.281.3600
                                                312.281.3678 fax
                                                edoolin@cmn-law.com
                                                Illinois Bar No. 06210358
                                                cbargher@cmn-law.com
                                                Illinois Bar No. 6215735

## *CERTIFICATE OF SERVICE*

I hereby certify that on April 20, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following:

Barry F. Keller, Esq.  
Ann Marie Pervan, Esq.  
Keller & Avadenka, P.C.  
2242 S. Telegraph Rd., Ste. 100  
Bloomfield Hills, Michigan 48302  

Bruce L. Sendek, Esq.  
Butzel Long  
150 West Jefferson Ave.  
Suite 100  
Detroit, Michigan 48226  

/s/ Craig M. Bargher  
Craig M. Bargher  
CHITTENDEN, MURDAY & NOVOTNY LLC  
303 W. Madison St., Suite 1400  
Chicago, IL 60606  
312.281.3600  
312.281.3678 fax  
cbargher@cmn-law.com  
Illinois Bar No. 6215735  

6